IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILMAR DAIRY, LLC, ARCH
DIAMOND, LLC, MOONSTONE
DAIRY, LLC, and HENDRIKA DAIRY,
LLC,

      Plaintiffs/Counter-Defendants,

v.                                                                        No. 2:18-cv-00530-SMV-KRS

ARMSTRONG FARMS and RANDY
ARMSTRONG,

      Defendants/Counterclaimants.

## ORDER GRANTING IN PART AND DENYING PART PLAINTIFFS' MOTION TO COMPEL

**THIS MATTER** comes before the Court on Plaintiffs' motion to compel. (Doc. 85). The primary issue is whether Defendants must produce unredacted versions of documents related to an equipment auction, bank accounts, and ledgers that the Court previously determined were discoverable. (Doc. 68). The Court's order compelling Defendants to turn over those records was silent as to redaction, but a confidentiality order is and was in place. (Doc. 59). In response to Plaintiffs' motion, Defendants insist they were following a redaction practice Plaintiffs "pioneered" when the Court ordered Plaintiffs to produce similar documents. As Defendants see it, the redactions protect the privacy of Defendants' financial disbursements, which are not germane to Plaintiffs' case. The Court has considered the parties' submissions and agrees the documents should be produced in an unredacted form and marked confidential in accordance with the stipulated confidentiality order.

The material facts and governing law are known to the parties at this point. The Court does not recount them here. Of significance is that the Court specifically permitted Plaintiffs to redact in its earlier order granting in part Defendants' motion to compel. (Doc. 53, Clerks

Minutes, at 2) ("[T]he Court orders Plaintiffs to produce inventory sheets for 2014 (2015 through early 2018 were already provided); balance sheets for 2016 and 2017; and the relevant security document that was in effect for 2017 subject to redaction for non-pertinent information"). Thus, contrary to Defendants' claim, Plaintiffs did not set a precedent that Defendants may now follow.

The Court appreciates Defendants' concerns over privacy. At the same time, the confidentiality order was intended to assuage those concerns. The substance of that order was the product of arms-length negotiation between the parties designed to protect Defendants' interests as well as Plaintiffs'. Defendants' redactions here amount to their unilateral decision as to what is germane to Plaintiffs' theories. It could well be that nothing comes of the presently redacted information, but the confidentiality order sufficiently protects whatever privacy rights Defendants may have in the records. Defendants, therefore, must remove the redactions.

As for sanctions, the Court declines, in its discretion, to impose any. This is not an instance where Defendants wholly failed to turn over materials to Plaintiffs as ordered, but one where Defendants produced what it thought was in the spirit of the Court's order. While the merit or wisdom of Defendants' reasons may be debatable, Defendants' decision to redact does not rise to the level of sanctionable conduct. The Court also observes the contentious nature of discovery in the case and notes both sides have sought and received court orders to obtain full responses. In that sense, all involved bear some fault.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' motion to compel (Doc. 85) is **GRANTED in part** and **DENIED in part**. Defendants shall produce the unredacted documents to Plaintiffs on or before **April 16, 2019**. Plaintiffs are not entitled to any sanction or other relief related to their motion.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE